IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

KATHY DAY,

    PLAINTIFF,

v.                                        CASE NO.:

KBD, INC. D/B/A
PANAMA CABINET COMPANY
    DEFENDANT.

_____/

# COMPLAINT

Plaintiff, Kathy Day, (hereinafter referred to as the "Plaintiff" or "Day"), by and through his undersigned attorney, sues the Defendant, KBD, Inc., d/b/a Panama Cabinet Company (hereinafter referred to as the "Defendant" or "PCC"), and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this action for disability discrimination and retaliation under the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008; 29 USCS §§ 2611 et seq; and the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 262 et seq.

## JURISDICTION AND VENUE

2. The jurisdiction of the Court over this controversy is invoked pursuant

1

to 29 U.S.C. § 2617(a)(2); 28 U.S.C. § 1331 and 42 U.S.C. §2000e-5(f).

3. Plaintiff further seeks declaratory, injunctive, and equitable relief pursuant to 28 U. S. C. §§ 2201, 2202 and 42 U.S.C. § 2000e-5(g).

4. Costs and attorney's fees are sought pursuant to 42 U.S.C. §2000e-5(k), Fed. R. Civ. P. 54 and other Florida Statutes as set forth herein.

5. This action lies in the Northern District of Florida, Panama City Division, pursuant to 29 U.S.C. § 1391(b), because the action arose in this judicial district, and pursuant to 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment practices were committed in this judicial district.

6. Plaintiff has complied with all conditions precedent and administrative remedies have been exhausted and jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f) and the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes. On October 8, 2020, Plaintiff filed a Charge of Discrimination with the Florida Commission on Human Relations ("FCHR" No.: 202127170) and the United States Equal Employment Opportunity Commission ("EEOC" No.: 15D202100026). On April 5, 2021, a determination was issued pursuant to Fla. Stat. § 760.11(3). Plaintiff thereafter requested her ninety (90) day Notice of Right to Sue letter from the EEOC which was received after June 30, 2021.

## PARTIES

7. Plaintiff is a Caucasian female who resides in Panama City, Florida. She was employed by Defendant from January 24, 2005, until her unlawful termination on September 30, 2020.

8. Defendant, KDB, Inc, d/b/a Panama Cabinet Company is located in Panama City, FL and makes custom cabinetry. Defendant is an employer as defined by Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008; 29 USCS §§ 2611 et seq; and the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 262 et seq.

## GENERAL FACTS

9. Plaintiff 60 year old Caucasian female.

10. Plaintiff was employed by Defendant, KBD, Inc. d/b/a Panama Cabinet Company ("KBD") as a bookkeeper from May 8, 2019, until her unlawful termination on September 30, 2020.

11. During Plaintiff's employment with Defendant, she performed the duties and responsibilities of her position in a satisfactory manner and was not the subject of any disciplinary issues.

12. On August 24, 2020, Plaintiff went to the hospital because she was having chest pains.

13. Plaintiff was admitted to the hospital for further evaluation of her chest pains.

14. After undergoing multiple tests, Plaintiff was diagnosed with Thoracic Myofascial Syndrome and hypertension.

15. After her discharge, Plaintiff returned to work the next work day.

16. Upon her return, Plaintiff received a very strange look from David Scofield, (owner) like she was lying about her hospitalization.

17. Plaintiff showed Mr. Scofield the discharge paperwork from the ER. Mr. Scofiled took one look at the medical paperwork and said, Kathy if anything were to happen to you at work I (David Scofield) would not be able to live with myself.

18. Plaintiff informed Mr. Scofield that she had a follow-up doctor's appointment the following Monday and requested that she work reduced hours until she was able to see her doctor.

19. Mr. Scofield refused to discuss her request medical condition and accommodation request and told Plaintiff that he was uncomfortable with her continuing to work due to her age and health conditions.

20. Defendant clearly acknowledged or perceived Plaintiff as being disabled.

21. On September 30, 2020, within hours of Defendant learning of

Plaintiff's hospitalization, Plaintiff was informed that her services were no longer needed and that her employment with Defendant was terminated.

22. Any possible assertion that Plaintiff was terminated for performance, or any other reason, or that there was a viable business justification for his dismissal, is entirely *pretextual* for Defendant's blatant retaliation and discrimination against her because of her age and in violation of her substantive rights under the ADA, ADAA and ADEA.

## FIRST CAUSE OF ACTION
*(DISABILITY - AMERICANS WITH DISABILITIES ACT, (ADA), 42 U.S.C. §§ 12111-12117, 12203; THE AMERICANS WITH DISABILITIES ACT AMENDMENTS OF 2008 (ADAA))*

23. Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 22 of this complaint with the same force and effect as if set forth herein.

24. This is an action to remedy discrimination on the basis of Plaintiff's disability in the terms, conditions, and privileges of his employment with Defendant in violation of the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

25. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

26. At all times material hereto, Defendant was an employer within the

meaning of Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008, as the Defendant employed more than 15 employees.

27. On August 24, 2020, Plaintiff went to the hospital because she was having chest pains.

28. Plaintiff was admitted to the hospital for further evaluation of her chest pains.

29. After undergoing multiple tests, Plaintiff was diagnosed with Thoracic Myofascial Syndrome and hypertension.

30. After her discharge, Plaintiff returned to work the next work day.

31. Upon her return, Plaintiff received a very strange look from David Scofield, (owner) like she was lying about her hospitalization.

32. Plaintiff showed Mr. Scofield the discharge paperwork from the ER. Mr. Scofiled took one look at the medical paperwork and said, Kathy if anything were to happen to you at work I (David Scofield) would not be able to live with myself.

33. Plaintiff informed Mr. Scofield that she had a follow-up doctor's appointment the following Monday and requested that she work reduced hours until she was able to see her doctor.

34. Mr. Scofield refused to discuss her medical condition and request

accommodation and told Plaintiff that he was uncomfortable with her continuing to work due to her age and health conditions.

35. On September 30, 2020, within hours of Defendant learning of Plaintiff's hospitalization, Plaintiff was informed that her services were no longer needed and that her employment with Defendant was terminated.

36. At all times material hereto, Defendant regarded or perceived Plaintiff as having an impairment and subjected Plaintiff to an action prohibited, her termination, by the ADA because of a perceived physical or mental impairment.

37. Defendant knew of Plaintiff's health condition and request for an accommodation and failed to engage in a good faith interactive process.

38. Defendant failed to engage in an informal dialogue through which it could have identified the precise limitations caused by Plaintiff's disability.

39. Defendant further acted in bad faith when it refused to explore potential accommodations requested by Plaintiff.

40. Any possible assertion that there was a viable business justification for the Plaintiff's termination, is entirely *pretextual* for Defendant's retaliation and discrimination against her for engaging in a protective activity and for any actual or perceived disability.

41. The adverse personnel action, the termination of Plaintiff's employment clearly violated Plaintiff's right under the Americans with Disabilities

Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008, and such action clearly constituted a prohibited employment practice, contrary to the public policy of the ADAA.

42. As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in that he has lost wages, associated job benefits; and in addition, he has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and retaliatory demotion that lead to his discharge from Defendant's employment.

43. As a result of being wrongfully and unlawfully retaliatory actions that lead to his discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

44. Plaintiff has retained the undersigned attorney to assist him, in the prosecution of this action, and he is obligated to pay said attorney a reasonable fee for his professional services.

45. Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

## SECOND CAUSE OF ACTION
*(DISABILITY RETALIATION - AMERICANS WITH DISABILITIES ACT, (ADA), 42 U.S.C. §§ 12111-12117, 12203; THE AMERICANS WITH DISABILITIES ACT AMENDMENTS OF 2008 (ADAA))*

46. Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 22 of this complaint with the same force and effect as if set forth herein.

47. This is an action to remedy discrimination on the basis of Plaintiff's disability in the terms, conditions, and privileges of his employment with Defendant in violation of the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

48. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

49. At all times material hereto, Defendant was an employer within the meaning of Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008, as the Defendant employed more than 15 employees.

50. On August 24, 2020, Plaintiff went to the hospital because she was having chest pains.

51. Plaintiff was admitted to the hospital for further evaluation of her chest

9

pains.

52. After undergoing multiple tests, Plaintiff was diagnosed with Thoracic Myofascial Syndrome and hypertension.

53. After her discharge, Plaintiff returned to work the next work day.

54. Upon her return, Plaintiff received a very strange look from David Scofield, (owner) like she was lying about her hospitalization.

55. Plaintiff showed Mr. Scofield the discharge paperwork from the ER. Mr. Scofiled took one look at the medical paperwork and said, Kathy if anything were to happen to you at work I (David Scofield) would not be able to live with myself.

56. Plaintiff informed Mr. Scofield that she had a follow-up doctor's appointment the following Monday and requested that she work reduced hours until she was able to see her doctor.

57. Mr. Scofield refused to discuss her medical condition and request accommodation and told Plaintiff that he was uncomfortable with her continuing to work due to her age and health conditions.

58. On September 30, 2020, within hours of Defendant learning of Plaintiff's hospitalization, Plaintiff was informed that her services were no longer needed and that her employment with Defendant was terminated.

59. At all times material hereto, Defendant regarded or perceived Plaintiff

as having an impairment and subjected Plaintiff to an action prohibited, her termination, by the ADA because of a perceived physical or mental impairment.

60. Defendant knew of Plaintiff's health condition and request for an accommodation and failed to engage in a good faith interactive process.

61. Defendant failed to engage in an informal dialogue through which it could have identified the precise limitations caused by Plaintiff's disability.

62. Defendant further acted in bad faith when it refused to explore potential accommodations requested by Plaintiff.

63. Any possible assertion that there was a viable business justification for the Plaintiff's termination, is entirely *pretextual* for Defendant's retaliation and discrimination against her for engaging in a protective activity and for any actual or perceived disability.

64. The adverse personnel action, the termination of Plaintiff's employment clearly violated Plaintiff's right under the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008, and such action clearly constituted a prohibited employment practice, contrary to the public policy of the ADAA.

65. As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in that he has lost wages, associated job benefits; and in addition, he has sustained

compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and retaliatory demotion that lead to his discharge from Defendant's employment.

66. As a result of being wrongfully and unlawfully retaliatory actions that lead to his discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

67. Plaintiff has retained the undersigned attorney to assist him, in the prosecution of this action, and he is obligated to pay said attorney a reasonable fee for his professional services.

68. Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

### *THIRD CAUSE OF ACTION*
*(Age Discrimination in Employment Act ("ADEA" - Age Discrimination)*

69. Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 22 of this complaint with the same force and effect as if set forth herein.

70. Defendant has discriminated against Plaintiff in the terms and conditions of her employment on the basis of her age in violation of the Age

Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 262 et seq.

71. Mr. Scofield refused to discuss her medical condition and request accommodation and told Plaintiff that he was uncomfortable with her continuing to work due to her age and health conditions.

72. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practice unless and until this Court grants relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment:

a) Declaring the acts and practices complained of herein are violation of the, ADA, ADAA, and ADEA;

b) Enjoining and permanently restraining those violations of the ADA, ADAA, and ADEA;

c) Directing the Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practice are eliminated and do not continue to affect Plaintiff's employment opportunities;

d) Directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment of her and make her whole for all earnings she would have received but for Defendant's discriminatory treatment, including but not limited to, wages (past and future), pension, and other

13

lost benefits.

 e) Awarding Plaintiff Front Pay in lieu of reinstatement;

 f) Awarding Plaintiff compensatory damages;

 g) Awarding Plaintiff Liquidated damages;

 h) Awarding Plaintiff such other equitable relief as the Court deems just and proper in the premises.

 i) Awarding Plaintiff the costs of this action together with a reasonable attorney's fees; and,

 j) Granting such other and further relief as the Court deems just and proper in the premises.

## *DEMAND FOR JURY TRIAL*

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

Dated: September 17, 2021. By: */s/ Clayton M. Connors*
 CLAYTON M. CONNORS
 Florida Bar No.: 0095553
 Email: cmc@westconlaw.com
 **THE LAW OFFICES OF**
 **CLAYTON M. CONNORS, PLLC.**
 4400 Bayou Blvd., Suite 32A
 Pensacola, Florida 32503
 Tel: (850) 473-0401
 Fax: (850) 473-1388

 Attorney for the Plaintiff